UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ITP, INC. and ITP, S.A., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5823 |
| | § | |
| BP CORPORATION | § | |
| NORTH AMERICA INC., | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Magistrate Judge Nancy K. Johnson's Memorandum and Recommendation ("M&R") filed May 2, 2005 (Dkt. #40). Objections to the M&R were filed by Defendant BP Corporation North America, Inc. ("BP") on June 30, 2005 (Dkt. #44), to which Plaintiffs, ITP, Inc. and ITP, S.A. (collectively "ITP"), responded on July 28, 2005 (Dkt. #48). Thereafter, both parties filed supplemental briefing following the *en banc* decision of the Federal Circuit Court of Appeals in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). Having considered the parties' arguments, the record, and the applicable law, the Court OVERRULES the objections for the reasons explained below. Therefore, the Court ADOPTS the M&R.

### Discussion[1]

This is a patent infringement case concerning United States Patent No. 6,145,547 ("the '547 patent"), which involves technology for heat-insulated double-casing pipes for use in oil pipelines. The case was referred to Magistrate Judge Johnson (Dkt. #31), who conducted a *Markman* hearing on April 13, 2005. After the *Markham* hearing, Judge Johnson issued an M&R construing certain

---

    [1] Detailed summaries of the underlying facts and the arbitrator's findings are provided in the M&R (Dkt. #40) and are not repeated here.

claim terms of the '547 patent.

BP lodges four objections to the M&R, three of which involve the following phrase contained in independent claims 9 and 15: " . . . there is provided outside said material within said annular space, a free passageway to allow longitudinal gas flow, whereby low pressure is maintained throughout the annular space . . . "  The first objection posed by BP involves its request that this Court clarify the manner in which the "whereby" clause limits the scopes of the claims.  Second, BP objects to the recommendation that "low pressure" means "any pressure below atmospheric pressure."  BP argues that "low pressure" should instead be construed to mean a pressure below approximately 100 millibar ("mbar").  BP's third objection relates to the term "maintained" in the whereby clause.  Although the recommended construction indicates that "sealing a pipe section effectively maintains the pressure," BP urges the Court to find that "maintained" means that the low pressure is achieved and actively preserved by the longitudinal gas flow, not by merely sealing the pipe.  The fourth objection relates to the claim term "the portion of open pores in the material forming said plate is 85 to 95% based on total pore volume . . ."  BP essentially seeks to add as clarification that "the pores making up the remaining 5 to 15% of the total pore volume are, therefore, closed pores."

Having reviewed in detail the claims of the '547 patent, BP's arguments, and all of the relevant briefing and precedent, the Court concludes that the recommended claim construction should not be disturbed.  Although the reasoning expressed in the M&R supports each of the recommended constructions, the Court will specifically address BP's objection to the interpretation of the claim term "low pressure" in light of the Federal Circuit's recent en banc decision in *Phillips*

*v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).[2] According to BP, *Phillips* instructs that reliance on dictionary definitions "may give claim terms an unduly broad, and perhaps distorted, interpretation from what was actually invented by the patentee and disclosed in his patent." Because Magistrate Judge Johnson relied upon a dictionary definition in interpreting "low pressure," BP urges reconsideration of the recommendation that "low pressure" should be construed to mean "any pressure below atmospheric pressure." Instead, BP asserts that the patent specification and prosecution history indicate that the inventor intended "low pressure" to mean pressure below about 100 mbar. The Court disagrees.

In *Phillips*, the Federal Circuit "clarified the appropriate use of dictionaries in claim construction, rejecting the view that dictionary definitions govern unless contradicted by intrinsic evidence." *Free Motion Fitness, Inc. v. Cybex Intern., Inc.*, 423 F.3d 1343, 1348 (Fed. Cir. 2005) (citing *Phillips*, 415 F.3d at 1320). As the court has since explained, "*Phillips* confirms that courts may 'rely on dictionary definitions when construing claim terms'" and that "[d]ictionaries . . . are often useful to assist in understanding the commonly understood meaning of words." *Id*. (citing *Phillips*, 415 F.3d at 1322. However, a court availing itself of this useful resource must "ensure that any reliance on dictionaries accords with the intrinsic evidence: the claims themselves, the specification, and the prosecution history." *Id.*; *Phillips*, 415 F.3d at 1314. Thus, in those circumstances where reference to dictionaries is appropriate, the task is to scrutinize the intrinsic

---

[2] Although the M&R also references a dictionary definition in relation to the claim term "maintained," BP's objections with regard to the proposed interpretation do not focus on the actual meaning of the claim term itself. Instead, BP's complaint centers on the relationship between the claim term "maintained" and the preceding clause. The Court is satisfied that this issue has been thoroughly addressed in the M&R, and does not consider it necessary to address the term again as a result of the *Phillips* case.

evidence in order to determine the most appropriate definition. *Id*. at 1349 (citing *Phillips*, 415 F.3d at 1322-23, 1324).

Contrary to BP's position, the Court finds that the recommended interpretation reflects the claim construction principles outlined in *Phillips*. That is, although Magistrate Judge Johnson consulted a dictionary definition in arriving at the ordinary meaning of the word "low," the recommended interpretation of the entire phrase was tested against the intrinsic evidence in the '547 patent. Specifically, the M&R addresses the language of the claims themselves and applies the doctrine of claim differentiation. Judge Johnson then considered in depth the patent's specification and found that it supported the recommended interpretation. Finally, the M&R explains that the prosecution history of the patent supports the recommended result. Thus, it is clear to this Court that intrinsic evidence was the primary source for generating the proposed construction. In light of the M&R's reliance on the intrinsic evidence, the Court finds that the proposed claim construction is appropriate and fully consistent with the guidance provided by the Federal Circuit in *Phillips*.

## Conclusion

For the foregoing reasons, the Court OVERRULES the objections lodged by Defendant BP. Accordingly, the Court hereby ADOPTS the M&R in its entirety.

It is so ORDERED.

Signed this 27th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE